## WARD PROCK v. STATE.

No. A-5540. Opinion Filed March 13, 1926.
(244 Pac. 54.)

R. D. Miller, for plaintiff in error.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment rendered

on the verdict of a jury finding appellant, Ward Prock, guilty of having possession of intoxicating liquor with the unlawful intent to sell the same, and fixing his punishment at a fine of $50 and confinement in the county jail for 30 days. To reverse the judgment it is assigned as error that the evidence is insufficient to support the verdict.

The evidence shows that the city marshal of Hollis searched the defendant's car, about 9 o'clock at night, which was parked along with a dozen or more other cars on the street in Hollis. He testified:

"The door was open when I walked up to the car and found something like a half-gallon fruit jar, almost full of whisky. It was dark, and I saw the bottle sitting in the front of the car right under the steering wheel. I took the lid off and smelled to make sure it was whisky and left it there, then went back on the street and stayed around there. Mr. Fail came up. I told him what I had discovered. Shortly afterwards Mr. Ward Prock came up. He said, 'This is my car.' I said. 'Whose whisky is it?' And he said: 'I don't know; somebody put it in my car.' And I took Mr. Prock and Mr. Fail took the car, and we came on down to the courthouse."

On cross-examination he testified as follows:

"Q. Did you take any whisky off Mr. Prock? A. No, sir.

"Q. Did you see Mr. Prock have any whisky at any time? A. No, sir.

"Q. As a matter of fact, Mr. Barefoot, you would not tell the jury this whisky was Mr. Prock's whisky, would you? A. No, sir; I don't know that it was his.

"Q. Was the key in the car? A. It was."

Louis Fail testified:

"I am night watchman for the city of Hollis. Mr. Barefoot and I went down to the car, and Mr. Prock came right on down with me. He said if there was anything

in that car he didn't put it in there, and if there was any whisky in the car it was not his. We had found a half-gallon jar about two-thirds full of whisky in the car."

At the close of the state's evidence, the defendant asked the court to advise the jury to return a verdict of acquittal, because the state introduced no proof that there was any intoxicating liquor in the possession of the defendant, or offered any exhibit or testimony to show that any law was violated by said defendant, which the court refused to do.

As a witness in his own behalf, the defendant denied **possession of any liquor, denied ownership of any whisky,** found in his car, and denied having any knowledge that it was in the car.

Glenn Pendergraft testified that defendant came into **his restaurant that evening and asked him if he was going to lodge, and he told him he would go with him if he would wait until after the rush.**

Defendant produced five or six witnesses, business men in the city of Hollis, who testified to his good character; that they were acquainted with him from 10 to 20 years in that community; and that his reputation as a law-abiding citizen was always good.

The evidence of defendant's guilt, relied on by the prosecution, was wholly circumstantial. In such cases, the facts proven must be such as to exclude every reasonable hypothesis inconsistent with the guilt of defendant. As against the circumstantial evidence in this case, we have the facts that the car door was left open; that the key of the car was in the door; that the car was standing among a dozen other cars, a dark night. Any person could have placed the jar in defendant's car without his knowledge. This circumstantial evidence is offset by the positive denial of the defendant which is supplemented by the testimony of five or six witnesses as to his good character.

When we recall the presumption that the law always indulges in as to the innocence of one accused, the necessity of establishing guilt beyond a reasonable doubt, and the force and effect which in cases of this kind should be given to evidence of good character, we think it would have been a proper exercise of the power vested in the trial court to have advised an acquittal of defendant upon the ground that the evidence was insufficient to support a conviction. Assuming that defendant was innocent, we fail to see how he could have met the charge in any other way than by the evidence that was presented. In our opinion, it would be destroying the presumption which arises in favor of the innocence of the accused, and permitting a subversion of the rule which requires the establishment of guilt beyond a reasonable doubt, to allow this conviction to stand.

The judgment appealed from is therefore reversed.

BESSEY, P. J., and EDWARDS, J., concur.